In the Matter of CATHERINE EBLING, Appellant, against NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.— Order affirmed, without costs of this appeal to any party. All concur except Piper, J., who dissents and votes for reversal in the following memorandum: The appellants passed civil service examinations in the city of Lackawanna in the years 1944 and 1945 and were placed on the eligible lists from which they were appointed. Five were appointed from the lists in 1945, two in 1947 and one in 1948. April 12, 1949, the State Civil Service Commission made an order rescinding the eligible lists from which they were appointed and shortly thereafter notified appellants their appointments were cancelled. The authority for this action is stated to be subdivision 7 of section 11 of the Civil Service Law, also *Matter of Kaney* v. *New York State Civil Service Comm.* (190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707). That was a proceeding under article 78 of the Civil Practice Act in the nature of prohibition. This is a proceeding to review the acts of the commission. The power of the commission is not without limitation. The action here taken, to comply with the statute, must be on the grounds that " the provisions or purposes of this chapter are not properly or sufficiently carried out ". One of the purposes of the Civil Service Law is to give protection in their positions to competent city employees who have passed examinations, received appointments, and who have faithfully performed their duties (§ 22). I think the intent of the Legislature was to require the commission to act under subdivision 7 of section 11 within a reasonable time and that the rescinding of lists in 1949 which had been established in 1944 and 1945 and canceling appointments, particularly of those who had served in their positions for four or five years, was not within a reasonable time. There being no claim of fraud on the part of these appellants in securing their appointments, it seems that if the purposes of the statute are to be carried out they are, in any event, entitled to a review on the facts and the law and that the proceeding should be remitted to the Special Term to take proof as to whether or not the examinations taken by these appellants were adequate to determine the relative capacity, merits and fitness of the petitioners for the positions to which they were appointed, and at such hearing all parties should be permitted to present such proof on that subject as they may be advised. (Appeal from order denying the application of petitioner and dismissing the amended petition in a proceeding to vacate the determination of the State Civil Service Commission which rescinded certain civil service examinations and eligible lists established

thereby and revoked petitioner's appointment to the position of police matron in the city of Lackawanna.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.